*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BARBARA KINDIG,

        Plaintiff-Appellant/Cross-Appellee,

v

HARRY N. HERKOWITZ, M.D., ESTATE OF
HARRY N. HERKOWITZ, by LYNDA A.
GLASSER, Personal Representative, and
ORTHOPAEDIC INSTITUTE, PC,

        Defendants-Appellees/Cross-
        Appellants.

UNPUBLISHED
February 27, 2020

No. 340262
Oakland Circuit Court
LC No. 2015-149918-NH

Before: CAMERON, P.J., and MARKEY and BORRELLO, JJ.

MARKEY, J. (*dissenting*).

I would hold that because during back surgery defendant Dr. Herkowitz left behind a surgical sponge sutured inside plaintiff's dura that had to be removed in a second surgery, plaintiff Barbara Kindig suffered an injury as a matter of law and therefore the jury's determination that she incurred no injury cannot be sustained. I would also hold as a matter of law that the negligence of defendant Dr. Harry Herkowitz, as found by the jury, obviously proximately caused plaintiff to suffer an injury: She had to undergo and endure the second surgery to remove the overlooked surgical foam, at the very least.

Additionally, I disagree with the majority's circular reasoning that the second surgery need not be viewed as an injury because the surgery had to be performed regardless of the presence of the surgical foam. Not only did the sponge have to be removed, it very likely was the cause of the dural tearing that needed to be repaired! With respect to the other injuries, i.e, the other subsequent surgeries, I disagree with the majority's analysis because it conflates the question of "injury" as a

question of "causation," which was an issue that the jury never reached. I would reverse and remand for further proceedings. Accordingly, I respectfully dissent.[1]

The majority accurately sets forth the facts of the case and the governing law; consequently, my analysis is predicated on the largely undisputed facts and legal principles. Indeed, it is in large part because the facts of this case are so simple and clear that I am incredulous with the majority's conclusion that plaintiff's having to have a second surgery to remove the surgical sponge undoubtedly Dr. Herkowitz failed to remove (and for which the jury ostensibly found him negligent) and to repair the dural tear is not an injury! Plaintiff presented evidence establishing that she suffered relevant physical, back problems shortly after the initial surgery and around the time Dr. Herkowitz died—back pain, dural tears, four subsequent back surgeries, and the precipitation of arachnoiditis. Indeed, the existence of these injuries was never in dispute, which is why the parties focused their attention on the issues of whether Dr. Herkowitz breached the standard of care and whether his negligence, if shown, caused plaintiff's injuries. There was an absolute dearth of evidence suggesting that after the initial surgery where the sponge was left behind plaintiff did not have back pain, that she did not have dural tears, that she did not have four subsequent back surgeries, or that she did not have arachnoiditis. And it is beyond logical dispute that back pain, dural tears, additional back surgeries, and arachnoiditis constitute forms of harm and injury.

It is vitally important to understand and appreciate the nature of the jury's verdict—what it did decide and what it did not decide. The jurors found that Dr. Herkowitz was professionally negligent but that plaintiff was not injured. The jury did not address or decide whether Dr. Herkowitz's negligence was the proximate cause of plaintiff's alleged injuries. Despite finding Dr. Herkowitz negligent, the jury answered "No" to the next question: whether plaintiff suffered an injury. It answered no other questions on the jury verdict form; consequently the jury did not reach the causation question. The majority, however, effectively engages in "causation" analysis.

The majority dispenses of the injuries on the basis that there was conflicting testimony regarding *the cause* of the injuries. Clearly, there were injuries. Whether a plaintiff suffered an injury and whether the defendant's negligence caused an injury are *two separate and distinct questions.* "The plaintiff in a medical malpractice action bears the burden of proving: (1) the applicable standard of care, (2) breach of that standard by defendant, (3) *injury, and* (4) *proximate causation* between the alleged breach and the injury." *Cox v Bd of Hosp Managers for the City of Flint*, 467 Mich 1, 10; 651 NW2d 356 (2002) (quotation marks omitted; emphasis added). Failing to establish any one of these four elements is fatal to a plaintiff's medical malpractice suit. *Id.* In my view, the injury question pertains to whether a party has shown some type of relevant harm, such as the need to have the forgotten sponge removed and/or to repair the post-op dural tears in this case, and the causation question relates to whether an act of negligence or malpractice caused the particular harm. See *Skinner v Square D Co*, 445 Mich 153, 163; 516 NW2d 475 (1994) ("The

---

[1] With regard to defendants' cross-appeal, I would reject their argument that plaintiff failed to prove, as a matter of law, that the standard of care was breached and that the trial court thus erred by denying their motion for directed verdict.

cause in fact element generally requires showing that 'but for' the defendant's actions, the plaintiff's injury would not have occurred.").[2] The majority improperly addresses a question—causation—that the jury never explored but ignores the one they did.

I would hold that under these compelling facts and findings, plaintiff was entitled to the rare judgment notwithstanding the verdict (JNOV) on the "injury" element of her medical malpractice cause of action. See *Attard v Citizens Ins Co of America*, 237 Mich App 311, 325; 602 NW2d 633 (1999) (a court can order a partial JNOV). I would further hold as a matter of law that Dr. Herkowitz's negligence caused, at least in part and perhaps in whole, plaintiff's second-surgery injury. Stated otherwise, the presence of the surgical foam in plaintiff's dura *required* plaintiff to undergo and endure a second surgery to, at the very least, remove the foam Dr. Herkowitz negligently left and sutured into plaintiff's dura. This is true even if repairing the dural tear also caused the need for that second—and subsequent—surgeries to be performed. See *Williamson v Dep't of Mental Health*, 176 Mich App 752, 758; 440 NW2d 97 (1989) ("Clearly, there may be more than one proximate cause of an injury."), overruled in part on other grounds by *Renny v Mich Dep't of Transp*, 478 Mich 490 (2007).[3] I would leave it to a jury in a partial new trial to determine the amount of damages attributable to the second surgery as caused by Dr. Herkowitz's patent negligence proven by the surgical foam left in the surgical area and sewed into plaintiff's dura.[4] Under these undeniable facts, plaintiff was entitled to a JNOV on the "causation" element of her medical malpractice cause of action relative to Dr. Herkowitz's negligence causing the need to have a second surgery.

With respect to causation and damages in connection with the other injuries, I would allow the jury in a new trial to assess whether those injuries were caused by Dr. Herkowitz's negligence and, if so, the amount of damages plaintiff suffered as a result of those injuries. Because there was

---

[2] I understand that the "harm" must have some relevant connection to the case that is not too remote for consideration. For example, if plaintiff had stubbed her foot resulting in a severe bruise and the jury learned about the bruise through offhand testimony, I would not conclude that the bruise constituted a relevant "injury" in this case, as it would be wholly unconnected to and remote from the alleged malpractice. That simply cannot be said with respect to back pain, dural tears, subsequent back surgeries, and arachnoiditis, where the alleged malpractice was in regard to the performance of back surgery.

[3] The flaw in the majority's analysis can best be discerned through a tweaking of the circumstances in this case. Had plaintiff alleged a claim of medical malpractice based on the quality of Dr. Herkowitz's suturing and not on the surgical foam that remained inside plaintiff, under defendants' and the majority's reasoning, the second surgery would not constitute an "injury" because it had to be performed regardless of the negligent suturing in order to remove the surgical foam. Removing the surgical foam and repairing the dural tear are not mutually exclusive for purposes of identifying the second surgery as an injury.

[4] This would also entail the jury's resolving whether the overlooked surgical foam caused the dural tear that was repaired in the second surgery. It most likely did cause the dural tear from stress on the suture and the inflammation ensuing from the presence of a foreign object inside the dura.

conflicting expert testimony on these causation matters, I would reject plaintiff's argument that she was entitled to a JNOV on causation in regard to the remaining injuries.

I would reverse and remand for further proceedings consistent with this opinion.


/s/ Jane E. Markey